UNITED STATES

v.

Sergeant Thomas C. OAKES, FR 267–04–8593, 1st Supply Squadron, Ninth Air Force (TAC).

ACM S24523.

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 June 1977.

Decided 12 Oct. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Charles B. Lewis, Jr., USAFR.

Before BUEHLER, HERMAN and OR-SER, Appellate Military Judges.

DECISION

ORSER, Judge:

Tried by a special court-martial, with members, the accused was convicted of wrongful appropriation of government property valued in excess of $100.00, in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921. The approved sentence provides for a bad

conduct discharge and reduction to the grade of airman.

In their only assignment of error meriting discussion, appellate defense counsel contend the military judge abandoned his role of impartiality by introducing, *sua sponte*, the accused's poor performance reports.

During the pre-sentencing session of trial, the defense counsel offered in evidence five exhibits: a report reflecting the accused's financial obligations, three sworn statements by supervisors and co-workers, and a report showing the accused's performance of military duties (APR) from 1 February 1975 thru 11 June 1976. The following colloquy then transpired between the military judge (MJ) and the defense counsel (DC):

MJ: Have there been any other APRs written on the accused?

DC: Yes, your Honor. It was in a different career field, the band, and—

MJ: I would like them all to be before the court, any APRs that have been written at any time. For future reference, I don't care who offers them, but I, as judge alone, or the jury will see all APRs on the accused. You can go ahead and mark them as defense exhibits, if you like, or I'll mark them as prosecution exhibits—it makes no difference to me—but I do intend that the court have them all.

Following that discussion, the defense counsel offered in evidence five additional APRs which, together with the one initially offered, reflected the accused's performance of military duties during the entire course of his Air Force service. Without objection by trial counsel, all the foregoing exhibits were admitted in evidence by the military judge and duly considered by the court members in adjudicating the accused's sentence.

One of the APRs thus "forced" on the defense indicated poor duty performance by the accused. During his sentencing instructions, the military judge cited that report as a matter to be considered by the court members in aggravation. The adverse content of the report was also highlighted by the trial counsel by his sentencing argument that the accused "should have grown up after his final performance report from the band."

A trial judge must be scrupulously fair and even handed in his dealings with the parties to the trial. He must never compromise his impartiality and become an advocate for either the government or the defense. *United States v. Bishop*, 11 U.S.C. M.A. 117, 28 C.M.R. 341 (1960); *United States v. Payne*, 12 U.S.C.M.A. 455, 31 C.M.R. 41 (1961); *United States v. Berry*, 6 U.S.C.M.A. 638, 20 C.M.R. 354 (1956). At the same time, he is not a mere figurehead or an umpire in a competition between litigants. *United States v. Bishop*, supra; *United States v. Jackson*, 3 U.S.C.M.A. 646, 14 C.M.R. 64 (1954). The judge has a duty to control the trial and direct it "along paths of recognized procedure in a manner reasonably calculated to bring an end to the hearing without prejudice to either side." *United States v. Jackson*, supra, at page 70.

In accomplishing his task, the judge is entitled to go beyond ruling on the admissibility of disputed evidence. Where necessary, he may ask questions to clear up uncertainties or to further develop the facts. And, he may provide rules and guidance concerning various procedural matters arising during the course of a trial. In exercising this control, the judge must remain totally fair while at the same time assuring that the jury is provided the information it needs to resolve the issues. *United States v. Shackelford*, 25 U.S.C.M.A. 13, 54 C.M.R. 13, 2 M.J. 17 (1976); *United States v. Bishop* and *United States v. Jackson*, both supra.

In the case at hand, the most important remaining issue before the court at the time of the challenged action by the military

judge was the sentence to be imposed. In proffering only one APR pertaining to the accused, the defense selected not only the accused's most recent performance report, but also the one they believed portrayed the accused's performance of duty in a manner most favorable to him. The judge, of course, was quite aware that the accused had been in the Air Force sufficiently long to have several APRs in his records, though nothing in the record indicates he was aware of their content.

He was also, no doubt, acquainted with paragraph 75d of the Manual for Courts-Martial, 1969 (Rev.), pursuant to which the trial counsel may, prior to sentencing, present personnel records of the accused to the military judge, including all records made or maintained in accordance with departmental directives which reflect the past conduct and performance of the accused. Manifestly, he was equally aware of the further provision of that same paragraph which provides:

> In cases where members determine sentence, the military judge may admit for their consideration any information from these records which reflects the past conduct and performance of the accused.

■ We are satisfied that in requiring all of the accused's APRs to be placed before the court members, the military judge did not become an advocate for the government. In fact, his action was compatible with the purpose of Paragraph 75d of the Manual as described in the Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Rev.):

> This is a new paragraph which broadens the information to be considered by the sentencing agency in a court-martial. It places upon the Military Judge the burden of determining the relevance of

items presented to him and gives him broad discretion in determining relevance and in ruling on objections to items presented. The procedure contemplated by this change is similar to that under Federal Rule of Criminal Procedure 32, dealing with presentencing reports, but it limits items which may be considered to items contained in official records and accordingly puts the accused on notice of what may be considered against him.

Department of the Army Pamphlet No. 27–2, page 13–6, July 1970.

As indicated, paragraph 75d increases the information to be placed before courts-martial in sentencing, provides the military judge with wide discretion in determining relevancy, and contemplates a sentencing procedure similar to that which obtains in the Federal judiciary.[1] As to the latter factor, a Federal judge is in no manner restricted in sentencing to information received in open court. Pursuant to Federal Rule of Criminal Procedure 32, he may also consider relevant information developed during a presentencing investigation. The report thus obtained contains comprehensive information pertaining to the defendant's past conduct, activities and behavior which would not be available to the judge if he were limited only to representations made in open court and subject to cross-examination and rebuttal. *United States v. Marcello*, 423 F.2d 993 (5 Cir. 1970), cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970); *United States v. Fischer*, 381 F.2d 509 (2 Cir. 1967), cert. denied, 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185 (1967).

In light of the foregoing factors, the military judge's ruling comported with the sentencing procedure contemplated by paragraph 75d of the Manual. In effect, the judge did no more than impose an added condition of relevancy to the admission of

1. The portion of the cited paragraph relating to use of an accused's records reflecting past conduct or performance has been held a proper exercise of the President's powers under Article 36 of the Uniform Code of Military Justice. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).

the APR initially tendered by the defense counsel. He conditioned acceptance of that exhibit on inclusion of all other APRs reflecting the accused's performance of duty. Clearly, the military judge's singular purpose was to assure that the sentencing agency was provided a comprehensive record of the accused's performance, not the incomplete history of his service reflected in the single APR offered by the defense. In accomplishing that purpose he in no sense strayed from his required role of impartiality.[2]

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

BUEHLER, Senior Judge, and HERMAN, Judge, concur.

---

2. To avoid any misunderstanding of the intended breadth of our holding, this case should not be interpreted as authority for the military judge to place qualifying personnel records before the fact finders solely on a *sua sponte* basis.