**UNITED STATES, Appellee,**

v.

**Errol W. MORGAN, Private E–1 U.S. Army, Appellant.**

No. 39680.
SPCM 14523.

United States Court of Military Appeals.

March 14, 1983.

For Appellant: *Captain David M. England* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Elliot J. Clark, Jr., Major Linus Johnson* (on brief); *Major Joyce E. Plaut, Major Raymond C. Ruppert.*

For Appellee: *Captain Michael R. Smythers* (argued); *Major Ted B. Borek, Major Robert B. Williams, Captain Lawrence W. Fitting* (on brief); *Colonel R.R. Boller.*

Opinion of the Court

EVERETT, Chief Judge:

Private Morgan was tried at Yongsan Military Reservation, Korea, by a special court-martial composed of both officer and enlisted members. Contrary to his pleas, he was found guilty of possession, transfer, and sale of marihuana, in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, and forfeiture of $250 pay per month for 4 months. Following approval of his sentence by the convening authority, the United States Army Court of Military Review affirmed appellant's conviction and sentence without opinion. We subsequently granted review of this single issue:

WHETHER THE MILITARY JUDGE ERRED WHEN HE REFUSED TO COMPEL THE GOVERNMENT TO OFFER INTO EVIDENCE, DURING THE SENTENCING PORTION OF THE TRIAL, THE FAVORABLE INFORMATION (APPELLATE EXHIBITS VI A, B AND C) CONTAINED IN APPELLANT'S FIELD PERSONNEL FILE.

I

After the findings of guilty had been announced, the judge conducted an Article 39(a), 10 U.S.C. § 839(a)[1] session in preparation for the sentencing phase of the trial. After the military judge had ascertained that the information on the front page of the charge sheet was correct, he considered several exhibits that the Government wished to introduce; he admitted as prosecution exhibits parts I and II of appellant's Personnel Qualification Record, which had been certified by Captain Karen B. Bowers in her capacity "as the official custodian of ... [Morgan's] DA Form 201 File, Military Personnel Records Jacket." He also received in evidence three DA Forms 2627, records of proceedings under Article 15,

which Captain Bowers certified were in Morgan's 201 file; but the judge declined to admit a fourth Form 2627 and a Bar to Reenlistment with enclosures, certified by the same official.[2]

When the judge then inquired whether the defense had any evidence that it desired to have admitted as to sentence, defense counsel responded:

DC: Your Honor, at this time, the defense would make a motion in the nature of a motion for appropriate relief, asking the court to compel the trial counsel to have marked certain other items from the personnel records of the accused, which have previously been shown to the trial counsel, to have prosecution—pardon me—to have trial counsel ordered by the court to introduce those items, also, as prosecution exhibits.

Thereupon the judge asked:

MJ: Why do you want the Government to introduce it when you can mark it and introduce it yourself?

The defense counsel replied:

DC: Your Honor, I understand that. It's not the contention of the defense that the prosecution has refused to reveal the information. The prosecution has revealed the information. It's in the official records of the accused. The request of the defense is a motion for appropriate relief asking the court to order the trial counsel to introduce these items as coming from the military personnel records of the accused.

\* \* \* \* \* \*

Your Honor, in paragraph 75(d) of the Manual, it says that if the accused objects to data as being inaccurate or incomplete in a specified matter or material particular or as containing certain specified objectionable matter, the military judge shall determine the matter. This is the paragraph in the Manual, your Honor, 75(d), where it's talking about the option-

1. Uniform Code of Military Justice, 10 U.S.C. § 839(a).

2. Although the bar to reenlistment was not admitted, the judge observed that it was reflected in the Personnel Qualification Record, which already had been received in evidence.

al matter that the prosecution can present when the court-martial includes a military judge. That is the provision of the Manual which has been used by the prosecution to introduce Article 15's of the accused. In the view of the defense, that paragraph—the thrust of that paragraph is to require the Government, if it's going to introduce matters from the personnel records of the accused, to introduce those matters with reasonable completeness. If there are favorable matters reflected in the personnel records of the accused, favorable documentation, then it's the view of the defense that the Government, as a matter of completeness, should introduce those items.

Defense counsel explained that he wished to have the trial counsel introduce as prosecution, rather than defense, exhibits, "copies of the letters of appreciation which are contained in the personnel records of the accused." The Government objected:

TC: ... I think it's obvious what's going on here. The defense wishes the Government to be the proponent of the favorable information, thus not opening the door to rebuttal information in the form of perhaps live witness testimony which the Government will present, if in fact that does open the door to the accused's military character. The Government does not wish to be the proponent of that information, your Honor.

This colloquy then ensued:

MJ: In other words, the Government's position is that if that information is introduced by the Government showing favorable comments on the accused, that then you are precluded from putting in evidence rebutting that, showing unfavorable?

TC: The defense counsel would so argue that, your Honor.

MJ: Is that correct, Captain Holland? Is that the issue we are going—

DC: Yes, your Honor, it is. That's precisely the issue. It's the view of the

defense that the Government will be entitled to rebut evidence presented by the defense in extenuation and mitigation. If the defense presents no such favorable matters in extenuation and mitigation, then the defense feels a fair reading of the Manual is that the Government cannot rebut those matters. That is the ultimate issue, which is implied by the motion for appropriate relief.

Observing "that we are in a position where fair is fair to the Government and fair is fair to the prosecution," [sic] the judge ruled:

MJ: If I direct the prosecutor to mark the exhibits and put them in, I will not preclude the prosecution from presenting evidence in rebuttal.

This discussion followed:

DC: Then, in view of that, the defense withdraws its motion for appropriate relief.

MJ: Well, I think you can hold the motion. Let's put it this way. I'll deny that motion and preserve it for appeal.

Accordingly, defense counsel renewed his motion for appropriate relief and the reporter marked as appellate exhibits three letters of appreciation from appellant's military personnel records.

When trial resumed before the members, trial counsel read the data from the front page of the charge sheet and presented to the court the documents which the judge had admitted in evidence. Appellant made an unsworn statement but presented no evidence as to sentence.

## II

The 1951 Manual for Courts-Martial contained no provision authorizing the trial counsel to present the accused's personnel records to the court members for their consideration in determining an appropriate sentence. See para. 75, Manual for Courts-Martial, United States, 1951.[3] An accused's personnel records could only be introduced

---

**3.** When the Manual for Courts-Martial, United States, 1951, was promulgated, all sentencing was done by the court members.

in evidence if they were offered by the defense in extenuation or mitigation, *see* para. 75*c*, 1951 Manual, *supra*, or if, after the defense had offered evidence in extenuation or mitigation, the records were offered by the prosecution in rebuttal. *See* para. 75*d*, 1951 Manual, *supra*. Thus, derogatory information contained in an accused's personnel records, such as records of nonjudicial punishment, would not come to the attention of the court members, unless the accused offered evidence in extenuation or mitigation to which the prosecution then offered the personnel records in rebuttal.

The Manual for Courts-Martial, United States, 1969 (Revised edition), changed this situation by providing in paragraph 75*d*:

> *Optional matter presented when court-martial constituted with military judge.* Under regulations of the Secretary concerned the trial counsel may, prior to sentencing, obtain and present to the military judge any personnel records of the accused or copies or summaries thereof. Summaries of such records will be prepared and authenticated by the custodian thereof as provided in appendix 8*g*. Personnel records of the accused include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused. If the accused objects to the data as being inaccurate or incomplete in a specified material particular, or as containing certain specified objectionable matter, the military judge shall determine the matter. Objections not asserted will be regarded as waived. The accused may submit in rebuttal any matter which reflects on his past conduct and performance. In cases where members determine sentence, the military judge may admit for their consideration any information from these records which reflects the past conduct and performance of the accused.[4]

4. As a result of the President's Executive Order 12315, dated July 29, 1981, paragraph 75 of the Manual for Courts-Martial, United States, 1969 (Revised edition), has undergone further substantial revision subsequent to the trial of appellant's case.

Under this Manual provision there is authority for the Government to bring an accused's personnel records to the attention of the sentencing authority, even though the defense has offered no evidence in extenuation or mitigation. Of course, military regulations governing the maintenance of personnel records will determine what information, adverse or favorable to a servicemember, will be kept in his personnel records.

In some ways the presentation of the accused's personnel records to the sentencing authority pursuant to paragraph 75*d* is analogous to presenting the report of presentence investigation to a Federal district judge pursuant to Fed.R.Crim.P. 32(c). Indeed, sometimes an accused's military personnel records may prove more comprehensive and more helpful to the military judge or court members in determining an appropriate sentence than a report of presentence investigation would be in a Federal district court.

Both at trial and on appeal, Morgan has contended that, although paragraph 75*d* gives the trial counsel an option to "present to the military judge any personnel records of the accused . . . which" he believes "reflect the past conduct and performance of the accused," the accused may object if, because of inaccuracy or incompleteness, those records do not fully reflect his past conduct and performance. In urging that "a rule of completeness" applies under such circumstances, appellant relies in part on the policy underlying Mil.R.Evid. 106, which provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require that party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.[5]

5. A similar policy is reflected in Mil.R.Evid. 304(h)(2), which concerns the "[c]ompleteness" of an alleged admission or confession introduced against an accused and which was "taken without significant change from . . . para-

Although the Military Rules of Evidence took effect after the date of appellant's trial, Fed.R.Evid. 106 was in effect at the time and is identical with its military counterpart. For cases tried before the effective date of the Military Rule, we have not hesitated to refer to the Federal Rules of Evidence as to evidentiary questions left unanswered by the evidence chapter of the 1969 Manual for Courts-Martial. *See United States v. Johnson,* 3 M.J. 143 (C.M.A. 1977). Furthermore, Fed.R.Evid. 106 has a sound basis. The Advisory Committee's Notes to this rule observe:

> The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. *See* McCormick § 56; California Evidence Code § 356.

The rule of completeness also has been favored by leading text writers, *see McCormick's Handbook of the Law of Evidence* § 56 (E. Cleary 2d ed. 1972); 7 Wigmore, *Evidence* §§ 2094–2125 (Chadbourn rev. 1978). The United States Air Force Court of Military Review utilized a similar approach in holding that a military judge had properly conditioned the acceptance in evidence of one favorable performance evaluation report offered by defense counsel about his client upon his submission of five additional performance reports. *United States v. Oakes,* 3 M.J. 1053 (C.M.A.1977), *pet. denied,* 4 M.J. 242 (C.M.A.1978).

Just as the report of presentence investigation in a Federal district court is designed to provide the judge with information about the defendant which may be helpful in imposing a suitable sentence, the sentencing procedure under paragraph 75 of the 1969 Manual for Courts-Martial seeks to provide the sentencing authority with information that will be helpful in adjudging an appropriate sentence. *Cf. United States v. Mack,* 9 M.J. 300, 316–19 (C.M.A.1980). The responsibilities of a prosecutor are consistent with this objective. Indeed, the American Bar Association Standards concerning

the Prosecution Function direct the prosecutor to disclose to the court all relevant sentencing information contained in his files, *see* Standard 3–6.2, and state:

> To the extent that the prosecutor becomes involved in the sentencing process, he should seek to assure that a fair and informed judgment is made on the sentence.

Standard 3–6.1.

At one time paragraph 2–20*b* of Army Regulation 27–10 (C. 3, May 27, 1969), required that:

> Prior to sentencing, trial counsel *will obtain and present to the military judge, for use by the sentencing agency* (court members or military judge sitting alone), authenticated summaries or copies of the personnel records of the accused as prescribed in paragraph 75*d,* MCM, 1969 (Rev.) Only the following records may be used for this purpose:
>
> (1) DA Form 20 (Enlisted Qualification Record) for enlisted members and DA Form 66 (Officer Qualification Record) for officers.
>
> (2) Records of punishment under Article 15 required by regulations to be retained in the accused's field Military Personnel Records Jacket (DA Form 201).
>
> (3) For purposes of rebuttal, any record in an accused's field Military Personnel Records Jacket, U.S. Army (DA Form 201). (This does not limit the right of the prosecution or defense to offer evidence in rebuttal under the provisions of paragraph 75*e,* MCM, 1969 (Rev.)

(Emphasis added.) However, by Change 16 dated November 4, 1975, this provision of the regulation was amended to read:

> Prior to sentencing, trial counsel *may obtain* and present to the military judge, for use by the court-martial (members or military judge sitting alone), authenticated summaries or copies of available personnel records required by departmental regulations to be retained in either the

graph 140*a* (6)" of the 1969 Manual. Drafters'

Military Personnel Records Jacket or any other local file, which reflect the past conduct and performance of the accused. *The personnel records presented should include:*

    (1) DA Form 2 (Personnel Qualification Record—Part 1) and DA Form 2–1 (Personnel Qualification Record—Part 2).

    (2) Promotion, assignment, and qualification orders, if material.

    (3) *Award orders and other citations and commendations.*

    (4) Records of punishment under Article 15, UCMJ, required by regulation to be maintained in the Military Personnel Records Jacket.

    (5) Written reprimands.

    (6) Reductions for inefficiency or misconduct.

    (7) Bars to reenlistment.

*The trial counsel also may present, in his discretion,* authenticated summaries or copies of any other personnel records of the accused made or maintained in accordance with departmental regulations, which reflect his past conduct and performance.

(Emphasis added.) One effect of the 1975 change was to give the trial counsel discretion as to whether he would offer in evidence any of the accused's personnel records pursuant to paragraph 75*d*. Another effect was to broaden substantially the types of documents that could be introduced as personnel records. As part of this broadening of the scope of documents that were

included, Change 16 referred to "[a]ward orders and other citations and commendations" and thus it clearly contemplated that some of the personnel records offered by the trial counsel might be favorable to the accused. Although subsequent changes were made to Army Regulation 27–10 prior to appellant's trial, the last quoted language was in effect on that date[6]; and it seems consistent with applying a rule of completeness when a trial counsel offers a portion of an accused's military personnel records in evidence pursuant to paragraph 75*d*.

A 201 file, as contained in a soldier's Military Personnel Records Jacket, may contain a number of documents, so the question arises whether the rule of completeness applies only to a particular document in the jacket—for example, the personnel qualification record—or whether it applies to the contents of the jacket taken as a whole. If we take the narrow interpretation, many problems are encountered. For example, should parts I and II of a soldier's personnel qualifications record be viewed as two documents or only a single document for these purposes? Such difficulties are avoided if we view the 201 file as an entity.[7] Furthermore, we believe that a servicemember generally thinks of his 201 file as a single entity, which reflects his military record during his current enlistment. This being so, when personnel records are offered in evidence by the trial counsel pursuant to paragraph 75*d*, the rule of completeness should apply to all the doc-

---

**6.** Change 21 to paragraph 2–20*b*, which became effective in September 1981, provides:

Prior to sentencing trial counsel *may*, in his *discretion*, obtain and present to the military judge, for use by the court-martial (members or military judge sitting alone), copies of available personnel records required by departmental regulations to be retained in either the Military Personnel Records Jacket or any other local file, which reflect the past conduct and performance of the accused. *Some of the personnel records that may be presented* include—

    \*    \*    \*    \*    \*    \*

    (3) Award orders and other citations and commendations.

    \*    \*    \*    \*    \*    \*

*The trial counsel also may present, in his discretion,* copies of any other personnel records of the accused made or maintained in accordance with departmental regulations, which reflect his past conduct and performance.

(Emphasis added.) Of course, the result in the present case is closely related to the regulations concerning military personnel records that were in effect at the time of the trial.

**7.** The military personnel records maintained locally in the field are to be distinguished from those which may be centrally maintained. We view them as separate entities for purposes of applying the rule of completeness.

uments contained in an accused's Military Personnel Records Jacket.

■ Therefore, if a trial counsel offers in evidence personnel records which "reflect the past conduct and performance of the accused," the defense may object if favorable portions which would provide a more complete and accurate picture of the accused's conduct and performance are omitted from the records offered. The military judge determines whether, in fact, the records are incomplete because of the omissions complained of and he can direct that, if the trial counsel proceeds under paragraph 75d, he shall offer the omitted portions which result in incompleteness. Of course, if the shoe is on the other foot and defense counsel offers in evidence documents from an accused's Military Personnel Records Jacket for purposes of extenuation and mitigation, then the trial counsel may object if the defense has omitted portions thereof without which only an incomplete picture of the accused's conduct and behavior is provided.

The letters of appreciation involved in the case at bar may not be included within "[a]ward orders and other citations and commendations" as those terms are employed in paragraph 2–20 of Army Regulation 27–10, for perhaps those terms only apply to official military awards and medals, as noted in a soldier's personnel qualification record. However, there seems to be no question that these letters had properly been placed in Morgan's "official 201 file." Indeed, as to two of the letters of appreciation, there had been a specific direction from Lieutenant Colonel Siegel, appellant's company commander, that a copy of the correspondence be placed in his "201 file." Clearly these letters add to the picture of appellant's "past conduct and performance" provided by the records of nonjudicial punishment which the Government offered in evidence pursuant to paragraph 75d. Accordingly, for the very reasons stated by appellant's counsel at trial, the judge should have required that trial counsel include the letters of appreciation if he proceeded with the introduction of accused's personnel records pursuant to paragraph 75d.

## III

■ The military judge never specifically rejected the defense view that trial counsel could be compelled to introduce the favorable, as well as the unfavorable, parts of appellant's 201 file. However, the judge ruled that if trial counsel were compelled to do this, the Government would be free to present rebuttal evidence. In this regard, we believe he erred.

Paragraph 75d permits the Government to bring to the attention of the sentencing authority the personnel records of an accused which reflect his past conduct and performance. Also the Government is free to present evidence in aggravation of an offense. See para. 75b(3), 1969 Manual, supra; United States v. Vickers, 13 M.J. 403 (C.M.A.1982). Thereafter the defense may present matter in extenuation and mitigation, including a sworn or unsworn statement of the accused. See paragraph 75c, 1969 Manual, supra. "After matter in aggravation, extenuation, or mitigation has been introduced, the prosecution or defense has the right to cross-examine any witnesses and to offer evidence in rebuttal." Paragraph 75e, 1969 Manual, supra. Unless the defense offers evidence in extenuation and aggravation, the prosecution is not authorized under the language of paragraph 75e "to offer evidence in rebuttal."

Since we have concluded that the defense's right to have his complete military record introduced arises from paragraph 75 d, it is not matter presented by the defense in extenuation or mitigation. Since it does not fall within paragraph 75c, 1969 Manual, supra, this evidence does not trigger the Government's right to offer evidence in rebuttal. In short, an accused who wishes to stand on his complete military personnel records when they have been placed in evidence by the Government was entitled to do so under the Manual provisions in effect at the time of appellant's trial.[8] On the other

8. By changing the Manual for Courts-Martial, the President is free to revise sentencing proce-

hand, if the trial counsel had not offered any of the personnel records in evidence under paragraph 75d, then had the defense done so under paragraph 75c, the Government would have been entitled to present evidence in rebuttal.

■ Upon being confronted with the judge's erroneous ruling that the Government might offer rebuttal evidence if the letters of appreciation were received in evidence, defense counsel initially withdrew his motion for appropriate relief. However, after the judge assured him that the issue could be preserved on appeal without introducing the letters of appreciation in evidence, the defense renewed its motion for appropriate relief. Under these circumstances, the defense had made an adequate offer of proof, cf. para. 154c, 1969 Manual, supra; Mil.R.Evid. 103(a)(2). Although the military judge did not declare the proffered evidence to be inadmissible, he imposed improper conditions upon its reception in evidence. There is no uncertainty as to the precise evidence that would have been received if the judge had ruled correctly. The evidence consists of documents which are in the record of trial as appellate exhibits and there is no question that this evidence would have been offered if the judge had not ruled erroneously. Moreover, defense counsel justifiably relied on what amounted to an assurance by the judge that his objection was being preserved for purposes of appeal. Under these circumstances, the ruling at trial is not immune from appellate review, even though it was made on a conditional basis. *Cf. United States v. Cofield,* 11 M.J. 422 (C.M.A.1981).

### IV

The evidence which should have been received as part of appellant's personnel records is contained in the record of trial as appellate exhibits. No issue of credibility is raised by this evidence. We believe, therefore, that the Court of Military Review can readily evaluate the effect of its exclusion upon the sentence adjudged by the court-martial. Accordingly, the decision of the

United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to that court for reassessment of the sentence in light of the letters of appreciation in Morgan's 201 file, which should have been received in evidence at trial.

Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

The majority attempt to interpret paragraph 75d of the Manual for Courts-Martial, United States, 1969 (Revised edition), and paragraph 2–20b of Army Regulation 27–10 as they applied to the instant case. Since both the Manual and the regulation have been changed since accused's trial and, thus, this decision is mainly of interest to this accused only, it appears hardly worthwhile to quarrel with the interpretations given. However, to the extent this decision may be read as setting forth principles of continuing application, I am constrained to set forth my reservations.

### I

When the Manual for Courts-Martial, United States, 1951, was in effect, trial counsel was obligated to read, after sentencing, the material contained on the first page of the charge sheet to the court members and to introduce evidence, if any, of previous convictions of the accused. In addition, if the findings were "based upon a plea of guilty," the trial counsel could "introduce . . . available and admissible evidence as to any aggravating circumstances . . . not introduced before findings." Para. 75b(3), 1951 Manual, *supra.* In addition, "[a]fter matter in aggravation, extenuation, or mitigation has been introduced the prosecution or defense has the right to cross-examine any witnesses and to offer evidence in rebuttal." Para. 75d, 1951 Manual, *supra.* Except as to certain perfunctory personnel data and previous convictions, the evidence permitted to be introduced by the

dures which he determines do not lead to ad-    judging appropriate sentences.

prosecution was largely related to the offense upon which the accused was being tried, unless the defense chose to introduce evidence of its own. Thus, to an extent, the defense controlled the conduct of the sentencing portion of the trial.

However, after the Military Justice Act of 1968, Pub.L. No. 90–632, 82 Stat. 1335 (1968), which created the military judge and made him a part of nearly all special and general courts-martial, necessitated revision of the 1951 Manual, *supra,* the matters which trial counsel could introduce were expanded. The new paragraph 75*d* of the 1969 Manual, *supra,* permitted, under regulations promulgated by the secretary of the service concerned, the trial counsel to "obtain and present to the military judge any personnel records of the accused or copies or summaries thereof." These "[p]ersonnel records . . . include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused." The accused was given the right to object to data which was "inaccurate or incomplete. in a specified material particular, or as containing certain specified objectionable matter." Where the sentencing function was to be performed by the members, "the military judge may admit for their consideration any information from these records which reflects the past conduct and performance of the accused."

Without attempting to catalogue what might be encompassed within those records "maintained in accordance with departmental regulations" reflecting "the past conduct and performance of the accused," I will note that present Army Regulation 640–10, Individual Military Personnel Records, March 1, 1981, contains 19 pages of tables listing records properly maintained within the Military Personnel Records Jacket (MPRJ), which is enclosed within a DA Form 201 (a type of file folder). Clearly presenting this entire file to the military judge would have performed no service to

justice. In order to preserve some semblance of order in the trial proceedings, the Army attempted to define those parts of the MPRJ which were considered proper for presentation. AR 27–10, para. 2–20*b*. The paragraph in effect at the time of the accused's trial was contained in change 16, dated November 4, 1975. Therein, it is provided that the "trial counsel *may* obtain and present to the military judge" certain personnel records "retained in either the" MPRJ "or any other local file" reflecting "past conduct and performance of the accused. The personnel records presented *should* include: [1] * * * (3) Award orders and other citations and commendations."

Turning again to AR 640–10, and assuming that it is similar to the regulation in effect at the time of trial, we find the following documents described at Table 3–1:

> SECTION V: Awards and Decorations
> 1 Award orders
> 2 Copy of award citation when not included in the award order
> 3 Certificates of appreciation and commendation
>
> .     .     .     .     .
>
> 5 Letters and messages of appreciation and commendation

(Remarks/Special Instructions omitted.) As to document 5 the Remarks/Special Instructions section contains this statement:

> . . . The direction for filing must be stated in the letter/message or in an attachment thereto. . . .

In the absence of further clarification, it would appear that the letters of appreciation which had been properly placed in the accused's MPRJ by direction of his commander pursuant to the applicable regulation are included within the "other citations and commendations" provision of AR 27–10, *supra.* Hence, the military judge erred in not admitting them as part of the material which was presented by the trial counsel. On this basis, I concur with the disposition of the majority.

---

1. The same paragraph allows the trial counsel, "in his discretion," to "present . . . other personnel records of the accused" if "made or maintained in accordance with departmental regulations." I assume that the defense counsel would have similar access to such records.

## II

I must record my reservations as to the application of the "rule of completeness" utilized by the majority. The rule seems to have originated in a recognition that admission of part of a verbal utterance may be totally misleading where it is not accompanied by the surrounding verbiage. Examples of statements taken out of context are legion. *See* 7 Wigmore, *Evidence* § 2094 (3d ed. 1940). However, when applied to written documents, the application of the rule is different since the entire document is usually available before the court. Of course, it is advantageous to the proponent to seek to offer only those parts favorable to his theory of the case. Clearly, the opposing party is free to offer the remainder of the document. The problem addressed by the rule is whether the proponent *must* offer the entire document at the time, not whether the opponent *may* offer the whole document at some later time. *Id.* at § 2102; *McCormick's Handbook of the Law of Evidence* § 56 (E. Cleary 2d ed. 1972). The Military Rules of Evidence adopt the federal rule which permits the adverse party to require the proponent to introduce "any other part" or any related writing "which ought in fairness to be considered contemporaneously with it." Mil.R.Evid. 106; Fed.R.Evid. 106. In the normal trial situation, this seems to be the best procedure to ensure complete fairness and logical sequence for the court. However, paragraph 75c, *supra,* creates the problem here. The underlying concept of the paragraph contemplates an adversarial procedure for sentencing. The trial counsel may offer any evidence in aggravation of the offense but may only present documentary evidence (or presumably witness testimony based upon documentary evidence) as to the data concerning the accused, his record of previous convictions and certain personnel records pertaining to his "past conduct" and performance of military duties. Beyond these matters the conduct of the sentencing hearing is still left to the control of the accused. If he chooses not to introduce evidence, the trial counsel is stopped. This is because of the concept that further evidence by the prosecution must take the form of rebuttal. This practice has worked satisfactorily since 1951. However, by the application (or, in my opinion, misapplication) of the "rule of completeness," the majority has made a significant change. By forcing the trial counsel to introduce the "*complete* military personnel records" of the accused, if he chooses to introduce *any* military personnel records at all, the majority places a block on the acquisition of evidence giving a complete picture of the accused's "past conduct and performance." For, if the complete MPRJ contains an incomplete, inaccurate, or outdated portrait of the accused, the trial counsel must either forego introduction of it or present it in that condition without possibility of rebutting it. Surely this dilemma was not intended by paragraph 75 of the 1969 Manual, *supra;* certainly, it defeats the purpose of the rule of completeness.

Further, production of the MPRJ *in toto,* if at all, is absurd. As noted above, the MPRJ contains—at least potentially—a mass of material that is irrelevant and immaterial to the case being tried and, possibly, prejudicial to the accused. Obviously some screening must be done prior to submission to the sentencing authority. The cited Army regulation discloses an attempt by the Secretary to define categories of records taken from the MPRJ which should be presented by the trial counsel. Presumably other records could be introduced by either counsel if deemed pertinent and relevant.[2] The "rule of completeness" should apply only within those categories and only

---

2. It would appear that admission would be left to the sound discretion of the trial judge. *See* 7 Wigmore, *Evidence* § 2102 (3d ed. 1940). In the instant case, the military judge declined to admit a proffered "bar to reenlistment" even though such a document is specifically listed in AR 27-10, para. 2-20*b* (7), on the basis of his own concept of "fairness." He said, "I'm not really precluding the Government from offering this type of evidence in a future case, but under the particular facts of this case, I think it would be unfair to admit it against the accused, especially since I have excluded one of the Article 15's." I think this was a proper exercise of judicial discretion.

then when certain documents within the particular category are offered. Otherwise, the sentencing procedure becomes a contest between counsel to see what material favorable to their theory may be introduced without offering the rest of the material deemed unfavorable. That is precisely what the "rule of completeness" was fashioned to prevent.

Last, the present version of paragraph 75 seems to envision sentencing based upon the "whole man concept," in contrast to the theory of the 1951 version of sentencing for the particular offense with modification

solely on the basis of prior recorded misconduct amounting to convictions by courts-martial.[3] It would seem that the best practice would be to make the entire MPRJ available to the military judge and to permit both parties to select those portions they believe favorable to their case with both parties then being free to rebut those portions considered inaccurate or incomplete. That was not done here, and the sentencing authority was denied the letters of appreciation favorable to the accused as well as any evidence of rebuttal available to the trial counsel.[4] This defeats the purpose of paragraph 75.

**3.** See the "aggravated punishment" portion of paragraph 127c, Section B, which appears in both the Manual for Courts-Martial, United States, 1951, and the Manual for Courts-Martial, United States, 1969 (Revised edition). These provisions establish some limits in the "whole man concept" of sentencing. Obviously, the punishment must remain keyed to the offense for which the punishment has been imposed.

**4.** It is not clear what caused defense counsel's apprehension since if he had offered the letters

of appreciation which are related to specific acts of creditable conduct, trial counsel would have been limited to rebuttal evidence. Apparently the trial participants perceived that offering such letters would open the door to evidence relating to the overall performance or conduct by the accused. Of course, if defense counsel had offered the letters, he could have objected to a general rebuttal and still have preserved his point for appeal if the military judge ruled erroneously.