UNITED STATES

v.

**Senior Airman Art K. ROBBINS, FR 306–66–0495, United States Air Force.**

**ACM 23802.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Dec. 1982.

Decided 2 Aug. 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Richard O. Ely, II.

---

2.  *United States v. Goode,* 1 M.J. 3 (1976).

Before KASTL, RAICHLE and SNY-DER, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

The accused, Senior Airman Robbins, argues that he was denied a proper hearing on sentence when the military judge refused to either: (a) compel the prosecution to introduce the accused's airman performance reports; or (b) make them court exhibits.

We disagree and find *United States v. Smith,* 16 M.J. 694 (A.F.C.M.R.1983) dispositive of this issue; *see also United States v. Morgan,* 15 M.J. 128 (C.M.A.1983). Accordingly, we affirm.

This is another case where the accused's performance reports have been effectively embargoed from the trial court. In *Smith,* we first expressed concern over a military court "passing sentence without the benefit of important information." Following more reflection, we now spell out our earlier concerns.

1. The pertinent dialogue follows:

DC: Trial Counsel did not offer the Airman Performance Reports of Airman Robbins which do characterize his prior service. He has three Airman Performance Reports and a Letter of Evaluation. We're not sure why the Prosecution didn't want to introduce them. *There are fundamental reasons why defense does not want to introduce them,* because that would *open certain doors that would not otherwise be open for rebuttal* evidence on the part of the prosecution. We would, Your Honor, urge the court, number one: that the Airman Performance Reports and Letter of Evaluation must be offered to the court for consideration of the jurors. Also, we would reference the court to paragraph 75a(1)(b) of the Manual for Courts-Martial which states that ordinarily the Trial Counsel will present personnel data relating to the accused and to the character of the accused's prior service as reflected in the personnel records of the accused. We don't care whether it's a court exhibit or prosecution exhibit. Those airman performance ratings and the Letter of Evaluation should be examined by the court and should be given to the jurors for their consideration in pre-sentencing. The defense, under the present status of the law, can not introduce those documents or else we would be denying Airman

## I

The accused was found guilty of conspiracy, transfer of various drugs, blackmarketing, larceny, and false swearing, in violation of Articles 81, 92, 121, and 134, U.C.M.J., 10 U.S.C. §§ 881, 892, 921 and 934. His sentence is a dishonorable discharge, confinement at hard labor for seven years, total forfeitures, and reduction to airman basic.

On appeal, he asserts the following:

THE ACCUSED WAS DENIED A PROPER HEARING ON SENTENCE WHEN THE MILITARY JUDGE REFUSED EITHER TO COMPEL THE PROSECUTION TO INTRODUCE THE ACCUSED'S AIRMAN PERFORMANCE REPORTS OR TO MAKE THEM COURT'S EXHIBITS.

At the time of trial, the accused's personnel records contained three performance reports and a letter of evaluation. The prosecution declined to proffer these documents; the military judge then denied a defense motion to compel the Government to either introduce them or—in the alternative—make them court exhibits.[1]

Robbins effective assistance of counsel. We urge that they do be produced for the consideration of the court members, Your Honor.
MJ: Your objection is based on interpretation of paragraph 75b?
DC: Primarily, Your Honor.
MJ: Trial Counsel, What's your view?
TC: Your Honor, *we're aware of no absolute requirement which mandates that we introduce the APRs.*
\* \* \* \* \* \*
DC: I believe there is some language in AFM 111–1, around paragraph 5–13, which discusses personnel records which are admissible ... Also, AFP 111–6 discusses the fact that Trial Counsel is the one who should normally introduce APRs at this time.
MJ: I have read those paragraphs. I am aware of them and I will consider them. I have also read 75*b* and I will consider it. Your objection is noted and preserved for the record.
\* \* \* \* \* \*
DC: Your Honor, the defense would urge that *the accused would be denied a fair trial if those airman performance ratings are not considered by the court* and that in the interest of fairness *they should be marked as court exhibits or ordered by the court to be marked* as prosecution or defense exhibits so that they could be considered by the court.

In our judgment, we face here two questions in presentencing procedure: (1) what is required by law?; and (2) consistent with the law, what is the most equitable procedure for dealing with such information?

## II

In an excellent appellate defense brief, Major Alexander S. Nicholas has traced the changes in the Manual for Courts-Martial since 1951.[2] As the Court of Military Appeals, explained in *United States v. Morgan,* 15 M.J. 128, 130–131 (C.M.A.1983):

The 1951 Manual for Courts-Martial contained no provision authorizing the trial counsel to present the accused's personnel records to the court members for their consideration in determining an appropriate sentence. See para. 75, Manual for Courts-Martial, United States, 1951. An accused's personnel records could only be introduced in evidence if they were offered by the defense in extenuation or mitigation, see para. 75*c*, 1951 Manual, *supra,* or if, after the defense had offered evidence in extenuation or mitigation, the records were offered by the prosecution in rebuttal. *See* para. 75*d,* 1951 Manual, *supra.* Thus, derogatory information contained in an accused's personnel records, such as records of nonjudicial punishment, would not come to the attention of the court members, unless the accused offered evidence in extenuation or miti-

gation to which the prosecution then offered the personnel records in rebuttal.

The process was expanded substantially by the 1969 Manual: Now, the *prosecution* could, under regulations of the service Secretary concerned, introduce "any personnel records of the accused or copies or summaries thereof" whenever a military judge was detailed. MCM, 1969, para. 75*d.* This was so even though the defense did not first offer matters in extenuation and mitigation. The defense could rebut any such prosecution data. MCM, 1969, para. 75*e.*

Government presentation of personnel records, coupled with possible defense rebuttal, was something new in military justice. It expanded the traditional components of a presentencing hearing (service data, prior convictions, aggravation, extenuation and mitigation, and prosecution rebuttal). The drafters evidently felt such additional "whole man concept" data would be helpful in adjudging an appropriate sentence. *See United States v. Morgan, supra,* at 131 and 138; *United States v. Oakes,* 3 M.J. 1053, 1055 (A.F.C.M.R.1977). *See generally United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); *United States v. Johnson,* 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970); *United States v. Mencha-ca,* 47 C.M.R. 709 (A.F.C.M.R.1973).[3]

The changed emphasis between the various versions of the Manual for Courts-Mar-

---

The court is well aware, I'm sure, of the reason *defense does not intend to offer those because they would open the door to rebuttal evidence.*

MJ: Yes. I accept that.

DC: The court will also understand that the APRs must represent at least satisfactory prior service or else the Prosecutor would want to introduce them and defense would not be making this objection. So, we would urge in the interest of a fair trial that those documents be presented to the jurors for their consideration.

MJ: The objection is based upon the interpretation of the U.C.M.J. paragraphs cited and the regulations cited plus the contention that a fair sentencing process would not be possible without consideration of those documents.

DC: Yes, Your Honor, That's correct.

MJ: I think that's a very good issue, Captain Rives, but I'm going to deny your objection.

It will, hopefully, be answered on appeal. (emphasis added).

2. The "stilted, legalistic presentencing procedures ..." practiced before courts-martial under the 1951 Manual were condemned in Byers, *The Court-Martial as a Sentencing Agency: Milestone or Millstone,* 41 Mil.L.Rev. 81, 85 (July 1968). The author argues that the prosecution was precluded from introducing matters which could yield fuller insight into the character of the accused.

For an exposition of the origins of presentencing practice in courts-martial, see Winthrop, Military Law and Precedents, 396–397 (1920 reprint); Philos, Handbook of Court-Martial Law, 154–155 (1951).

3. *See generally* Morrison, *The Role of Trial Counsel in Sentencing Proceedings,* XIII AF JAG L.Rev. 30, 37 (Winter, 1971).

tial is illustrated by the Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, DA Pam 27–2, July 1970; concerning paragraph 75d, that document explains:

> This is a new paragraph which broadens the information to be considered by the sentencing agency in a court-martial. It places upon the Military Judge the burden of determining the relevance of items presented to him and gives him broad discretion in determining relevance and in ruling on objections to items presented. The *procedure contemplated* by this *change is similar to that under Federal Rule of Criminal Procedure 32, dealing with presentencing reports,* but it *limits items* which *may be considered to items contained in official records* and accordingly *puts the accused on notice* of what may be considered against him (emphasis added).

In 1981, Executive Order 12315, 46 Fed. Reg. 39107 (31 July 1981) once again recast paragraph 75 of the Manual. Today, personnel records are no longer styled as "optional matter," presented only when a military judge is detailed. Now, personnel records are placed on the same footing as service data from the charge sheet or prior convictions. *See,* MCM, 1969, para. 75*b,* as amended.

Summarizing, it would appear that the most recent amendments to the Manual changed neither the basic pattern established by the 1969 version nor the underpinnings of *United States v. Morgan, supra.* Accordingly, we believe the following rules obtain:

■ *Rule 1:* The defense has the right to have the Government provide a *complete,* accurate military record, if and when the Government introduces any portion of personnel records; this defense right arises under para. 75*a*(1)b and 75*b*(2) of the Manual. *See United States v. Morgan, supra,* at 134. This right does not trigger the

Government's ability to offer evidence in rebuttal. *See* MCM, 1969, para. 75*d.*

■ *Rule 2:* If the Government has offered none of the accused's personnel records into evidence under paragraphs 75*a*(1)b and 75(b)(2), any defense election to do so arises under paragraph 75*c*(1)(b); the Government then is entitled to present evidence in rebuttal. See MCM, 1969, para. 75 *d. See also United States v. Smith, supra.*

■ *Rule 3:* The presentation of the accused's personnel records is:

> Analogous to presenting the report of presentence investigation to a Federal district judge pursuant to Fed.R.Crim.P. 32(c). Indeed, sometimes an accused's military personnel record may prove more comprehensive and more helpful to the military judge or court members in determining an appropriate sentence than a report of presentence investigation would be in a Federal district court. *United States v. Morgan, supra,* at 131.

### III

■ Having reviewed what is required by law, we must next consider what, consistent with the law, will best get the job done. Given Rule 3 above—that the armed forces, in conformance with informed standards of sentencing, desire relevant presentencing data to be available to the court-martial[4]—we can envision no worse scheme for fair play than the present system. It permits tactical tap-dancing by the defense, which sometimes seeks to exclude adverse—albeit *legitimate*—information from the court; it also permits the Government to bring such records forward only when the prosecution so chooses, for tactical reasons.

We are concerned over this situation. The matter of admitting official personnel records must not descend to courtroom gamesmanship; it is an important consideration which should not be run by happenstance.

---

4. American Bar Association Standards concerning the Prosecution Function, Standard 3–6.2 ("fair and informed judgment" on the sentence); see also Byers, *supra,* at 106. Apparently, such was standard Army practice from 1969 to 1975. See *United States v. Morgan,* 15 M.J. 128, 132 (C.M.A.1983).

We reason that personnel records evaluating an accused's prior service should always be placed before a sentencing authority in courts-martial. It falls short of modern sentencing norms to permit either side to bar such probative information from the sentencing decision. Instead, such records should be available to assist in reaching a fair, informed sentencing judgment.[5]

In our overall supervision of military justice, we would be inclined to mandate such an approach. However, we read para. 75b(2) as taking that matter out of our hands; the paragraph requires such change to be accomplished by directive, "under regulations of the Secretary concerned."

Accordingly, we recommend to The Judge Advocate General that he initiate action to make it mandatory that the prosecution place these matters into evidence.[6] The alternative is trial by blind man's buff.

In view of our disposition in this case and *United States v. Smith, supra,* the Appellate Government request for oral argument is DENIED.

The findings of guilty and sentence are AFFIRMED.

RAICHLE and SNYDER, Judges, concur.

---

5. A question remains: . If the military judge directs the admission of the personnel records, may the prosecution rebut? We believe the Government should always have the opportunity to submit meaningful rebuttal, if required to present efficiency reports.

6. Judge Snyder believes that much of the incentive for the present gamesmanship could be eliminated if AFM 111–1 were changed to allow admissibility of any item where the accused was properly notified and extended the opportunity to comment. This would primarily entail non-UIF letters of reprimand and written counselings, the most common form of potential rebuttal normally possessed by trial counsel.