UNITED STATES, Appellee,

v.

Private First Class Darel W. ABNER, SSN 129–54–2625, United States Army, Appellant.

CM 444741.

U.S. Army Court of Military Review.

11 Jan. 1984.

Major Robert M. Ott, JAGC, Captain Michael T. Kelly, JAGC, and Captain Neil R.

Porter, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before HANSEN, COKER, and BROOKSHIRE, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

The appellant was convicted in accordance with his pleas of several specifications of larceny and related offenses. The adjudged sentence of a dishonorable discharge, confinement at hard labor for five years and total forfeitures was reduced by the convening authority to a dishonorable discharge, confinement at hard labor for four years and total forfeitures to comply with the terms of the pretrial agreement. The primary issue before this Court is whether the prosecution can present rebuttal evidence to documents from the appellant's Military Personnel Records Jacket (MPRJ) that were placed in evidence by the appellant. We hold that they may do so.

█ In extenuation and mitigation, the appellant made an unsworn statement in which he made no comment concerning his duty performance. He introduced several documents from his MPRJ. The first was a Certificate of Achievement for faithful and efficient performance of military duty. The second and third were a Letter of Commendation and an Indorsement thereto citing his dedication to duty and professional performance. The remainder were certificates for successful completion of various training courses. The prosecution called two witnesses, a former squad leader and a former platoon sergeant of the appellant, who testified to the poor duty performance of the appellant. The appellant argues, as he did at trial, that this testimony exceeds the scope of the appellant's unsworn statement and, therefore, was not admissible. The short answer to this allegation is that the testimony was introduced to rebut the documentary evidence of good duty performance and not the contents of the appellant's statement.

█ Government appellate counsel concede the testimony was error as improper rebuttal to the documentary evidence citing *United States v. Morgan,* 15 M.J. 128 (C.M.A.1983). We disagree. That decision was based on the then existing departmental regulations and, of greater importance, the provisions of the Manual for Courts-Martial, United States 1969 (Revised edition) (hereinafter cited as Manual). *United States v. Morgan, supra* at 133, 134. This case is controlled by changed provisions of the Manual. *See* Executive Order 12315, dated 29 July 1981; *United States v. Morgan, supra* n. 8 at 134–135. As noted in the concurring opinion of Cook, J., the rule of that case was limited in application due to these changes in the Manual. *United States v. Morgan, supra* at 135. Paragraph 75b(2), Manual, now establishes that the MPRJ is not a unitary record as determined by the Court in *Morgan* under the prior provisions of the Manual. Paragraph 75d, Manual, permits the prosecution to rebut evidence presented by the defense. Thus, the prosecution is not required to present the complete MPRJ, nor is it prohibited from offering rebuttal evidence to documents in the MPRJ that are placed in evidence by the defense.

The remaining allegations of error are not meritorious.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN concurs.

Judge BROOKSHIRE did not participate in this decision.