**UNITED STATES, Appellee,**

v.

**Private First Class Israel SALGADO–AGOSTO, U.S. Army, Appellant.**

No. 50058.
SPCM 19585.

U.S. Court of Military Appeals.

July 22, 1985.

For Appellant: *Captain David W. Sorensen* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Captain Michael D. Graham* (on brief); *Captain Harry L. Williams, Jr.* and *Captain Kenneth G. Gale.*

For Appellee: *Captain Jan M. Wamsted* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Thomas J. LeClair* (on brief).

*Opinion of the Court*

PER CURIAM:

Contrary to his pleas, the accused was convicted by special court-martial, military judge alone, of assault upon a noncommissioned officer, use of marihuana, and communication of a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934, respectively. The adjudged and approved sentence extends to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $250.00 pay per month for 3 months, and reduction to pay grade E–1. The Court of Military Review affirmed.

We granted review of the following issue:

> WHETHER THE RULING OF THE MILITARY JUDGE ON THE APPLICABILITY OF THE RULE OF COMPLETENESS ESTABLISHED IN *UNITED STATES V. MORGAN*, 15 M.J. 128 (C.M.A.1983), WAS CORRECT.

We decide that it was not, but affirm on the theory of waiver.

At trial, after findings of guilty, trial counsel offered into evidence a Department of the Army Form 2627, Record of Proceedings Under Article 15, UCMJ, dated August 27, 1982. Defense counsel objected first on the grounds that the Article 15 record was reviewed for legal sufficiency by a member of the trial team, and further on the ground that *United States v. Morgan, supra*, required "any time that the prosecution tries to introduce adverse documents that are contained in the accused's 201 file they must also introduce favorable documents that are also contained in the 201 file." In response, trial counsel argued

that *Morgan* was based on the applicable provisions of the Manual for Courts-Martial, United States, 1969 (Revised edition) and of AR 27–10, which were in effect at the time of that trial.[1] Both had been changed since the date of the trial in *Morgan*. The Military Judge, without stating his reasoning, overruled the objection and admitted the exhibit.

 It is true that *Morgan* did turn on our interpretation of paragraph 75*d*, Manual, *supra*, which was changed after Morgan's trial. However, as we noted then, Mil.R.Evid. 106 adopted the "rule of completeness" into military law.[2] Hence, either under the *Morgan* rationale or under Mil.R. Evid. 106, the military judge would have

been required to admit the favorable portions of the accused's personnel file upon proper objection by defense counsel. Here, on the contrary, defense counsel neither identified such documents nor made any offer of proof. We have no way of knowing whether any such documents existed or whether they would have been admissible under any theory. We thus conclude that the error, if any, was waived. Mil.R.Evid. 103(a)(1)[3]; *cf. United States v. Morgan, supra* at 135.

The decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER did not participate.

1. Paragraph 75*d*, Manual for Courts-Martial, United States, 1969 (Revised edition), which was in effect at the time of Morgan's trial, provided authority for trial counsel to bring to the attention of the sentencing authority those personnel records of an accused kept under the authority of service directives. However, defense counsel there wished to have trial counsel introduce both favorable and unfavorable records in order to foreclose "rebuttal" by live witnesses for the Government. We analogized this portion of the trial to the presentencing investigation provided to a federal judge and held that it was the prosecution's responsibility to introduce the complete personnel record if any part of it was offered. The decision was also grounded on the provisions of AR 27–10, para. 2–20b (C.16, Nov. 4, 1975). The pertinent provisions of AR 27–10 were changed after Morgan's trial, but before our decision, to give trial counsel the option of selecting which records to introduce. The changes to paragraph 75 and AR 27–10 are not significant here.

2. Mil.R.Evid. 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require that party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

The significance of *United States v. Morgan*, 15 M.J. 128 (C.M.A.1983), is that it makes the entire personnel file "a writing" in terms of the rule of completeness.

3. Mil.R.Evid. 103 requires: (1) "a timely objection" with "the specific ground" therefor; and, (2) an "[o]ffer of proof" if the objected-to "ruling is one excluding evidence." Here defense counsel did not preserve his objection by identifying what other evidence he wanted offered. Obviously, the military judge ruled only as to the specific document before him. This is in contradistinction to the procedure utilized by defense counsel in *United States v. Morgan, supra*.