### UNITED STATES

v.

### Senior Airman Michael E. GOODWIN, FR 248–29–0095 United States Air Force.

### ACM 25041.

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Sept. 1985.

Decided 26 Feb. 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Lieutenant Colonel Michael D. Wims and Major Robert L. Fraiser, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Marc Van Nuys.

Before SESSOMS, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

 This case raises the question of whether, during the sentencing portion of the trial, the prosecution may, despite objection by the defense, submit derogatory information from the accused's personnel records without also submitting favorable information contained in those records. We find that, when the defense makes a proper objection, the prosecution must either submit the favorable information as a government exhibit or withdraw the derogatory information.

The appellant pled guilty and was convicted of leaving his place of duty without authority, dereliction of duty, and distribution of cocaine. He was sentenced to be discharged with a bad conduct discharge, to be confined for two years, to forfeit all pay and allowances, and to be reduced to airman basic.

During the sentencing portion of the trial the government offered a letter of reprimand as evidence of the appellant's prior service. R.C.M. 1001(b)(2). The letter was part of the appellant's personnel records and reflected that the appellant's urine had tested positive for marijuana. Defense counsel objected citing *United States v. Morgan*, 15 M.J. 128 (C.M.A.1983); *United States v. Robbins*, 16 M.J. 736 (A.F.C.M.R. 1983); and Military Rule of Evidence 106.[1] He urged the court either to exclude the letter of reprimand as an incomplete writing or to compel the government to also submit the appellant's performance reports so they could be considered at the same time. He did not, however, submit evidence or make an offer of proof regarding the existence or contents of such reports. The military judge overruled the objection and stated that, upon reading the analysis regarding Rule for Courts-Martial 1001(b)(2), Manual for Courts-Martial, 1984, he had concluded the rule was intended to avoid the result reached in *Morgan, supra*, by limiting completeness objections under Rule 106 to particular documents.[2]

---

1. Mil.R.Evid. 106. *Remainder of or related writings or recorded statements.* When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require that party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

2. R.C.M. 1001(b)(2) provides, in pertinent part: "If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the Military Judge."

Notwithstanding the goals of the drafters of the Manual for Courts-Martial, the Court of Military Appeals has held that when courts apply the Military Rule of Evidence 106 requirement of completeness, an accused's military personnel records must be viewed as a single writing. *United States v. Salgado-Agosto*, 20 M.J. 238 (C.M.A.1985); and *United States v. Morgan*, 15 M.J. at 131–133. We are obliged to follow the court's holding, and we agree with this application of the rule of completeness. *United States v. Robbins*, 16 M.J. at 739. We are aware of the tactics which occasionally attend the offer of personnel records into evidence. Such tactics are an inherent part of the adversary process and tactical options and advantages will often be available to at least one of the parties regardless of how this issue is resolved.

The rule of completeness, as applied to personnel records by the Court of Military Appeals, increases the likelihood that evidence submitted to the court during sentencing will include all relevant information from the accused's records. Courts will, thus, be able to fairly consider documented misconduct and documented favorable information at the same time. Given the prosecution's ability to present opinion evidence regarding the accused's performance and rehabilitation potential under R.C.M. 1001(b)(5), this application of Rule 106 leaves neither party a significant or unfair advantage in the tactical duel. We, therefore, find that R.C.M. 1001(b)(2) does not allow the government to avoid the rule of completeness embodied in Military Rule of Evidence 106 as it has been applied to personnel records. When the government offers derogatory information from these records and the defense enters a proper objection, the government must either submit the requested favorable information from the records or withdraw its offer of derogatory information.

In *Salgado-Agosto*, the court held that the defense did not make a proper objection because they neither identified the favorable documents they sought to have introduced nor made an offer of proof. *Salgado-Agosto*, 20 M.J. at 239. In the case now before us the defense specifically objected to the government's failure to offer the appellant's performance reports. We would have preferred that the defense had also made an offer of proof regarding the quantity and contents of those reports or submitted the reports as an appellate exhibit. Nevertheless, in view of the appellant's four years of military service, we can properly conclude that the requested performance reports existed. Regardless of the ratings reflected in those reports, the defense properly objected to the admission of the letter of reprimand as an incomplete personnel record.

■ We find that the military judge erred when, despite a defense objection, he admitted the letter of reprimand without requiring the prosecution to also introduce the requested performance reports. We also find that the court members' consideration of the erroneously admitted reprimand prejudiced the members in their deliberations on the sentence. We have reassessed the sentence and found appropriate only so much as provides for a bad conduct discharge, confinement for twenty-one (21) months, forfeiture of all pay and allowances, and reduction to airman basic.

Having reviewed the record, the assignment of errors, and the government's reply thereto, we find no additional errors which materially prejudiced the substantial rights of the appellant. The findings of guilty and the sentence, as modified, are

AFFIRMED.

SESSOMS and CANELLOS, Senior Judges, concur.